UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ABRAM BOLDEN, et al.,            )<br>                                                    )<br>     Plaintiffs,                         )<br>                                                    )<br>     vs.                                      )<br>                                                    )     2:07-CV-00482-LSC<br>BIRMINGHAM                           )<br>BOARD OF EDUCATION, et al.,  )<br>                                                    )<br>     Defendants.                        )<br>                                                    )<br>LARRY SHAW,                         )<br>on behalf of others                  )<br>similarly situated,                     )<br>                                                    )<br>Plaintiffs,                                  )<br>                                                    )<br>vs.                                             )     2:08-CV-1104-LSC<br>                                                    )<br>THE BIRMINGHAM BOARD OF  )<br>EDUCATION, et al.,                 )<br>                                                    )<br>Defendants                              ) | |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration Defendants' Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment (Doc. 57);

Defendants' Motion to Dismiss, or in the Alternative, for Judgment as a Matter of Law Based on Lack of Subject Matter Jurisdiction (Doc. 61); and Plaintiffs' Motion to Sever and Motion for Leave to Amend (Doc. 84). Plaintiffs have sued the Birmingham Board of Education ("the BBOE") and Arthur Watts, individually and as Chief Financial Officer and Comptroller for the BBOE, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as failure to comply with BBOE policies; use of an incorrect salary schedule; placing Plaintiffs on an "improper step"; and state and federal constitutional violations. The issues raised in the listed motions have been briefed by both parties and are ripe for review.[1] The Court also heard oral argument on Plaintiffs' motion on August 23, 2010. Upon full consideration, and for the reasons discussed below, Plaintiffs' Motion to Sever and Motion for Leave to Amend (Doc. 84) will be granted; Defendants' Motion to Dismiss, or in the Alternative, for Judgment as a Matter of Law Based on Lack of Subject Matter Jurisdiction (Doc. 61) is moot; and Defendants' Motion for Judgment on the Pleadings or, in the Alternative,

---

[1]Plaintiffs filed a motion for leave to file their response memoranda and motion to sever and amend out of time. (Doc. 83.) That motion is GRANTED.

Summary Judgment (Doc. 57) will be granted in part, denied in part, and deemed moot in part.[2]

II.     Standards.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Since federal courts are courts of limited jurisdiction, subject matter jurisdiction must exist before a court can decide any issues presented in the case.  *See id.*  A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction either facially or factually.  *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)).  "'Facial attacks' on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for purposes of the motion.'" *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca v. Chrysler Credit*

---

[2]Defendants' motion asks, in part, for the dismissal of Rose Kelly ("Kelly"). Kelly was dismissed from this action on May 4, 2010.  (Doc. 80.)

*Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).  On the other hand, "'[f]actual attacks' . . . challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"  *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca*, 613 F.2d at 511).  The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction.  *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."  *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (citations omitted).  When we review a judgment on the pleadings, therefore, we accept the facts in the complaint as true and we view them in the light most favorable to the nonmoving party.  *Id.*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute

is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

III.   Discussion.

    A.   Voluntary Dismissal of Non-FLSA Claims.

Defendants moved to dismiss Plaintiffs' claims that Defendants failed to comply with BBOE policies, used an incorrect salary schedule, and placed Plaintiffs on an "improper step," for lack of subject matter jurisdiction. (Doc. 61.) Defendants also moved for judgment as a matter of law on Plaintiffs constitutional claims, arguing that the constitutional violations were "inadequately pled." (Doc. 58.) In response to these particular motions, Plaintiffs did not submit any substantive argument. Instead, Plaintiffs have asked the Court to dismiss the claims without prejudice to future litigation. (Doc. 84.) Defendants vigorously oppose Plaintiffs' motion for voluntary dismissal; they argue that this litigation has continued for three years and dismissal without prejudice at this point in the proceedings is inconvenient, prejudicial, and expensive. Defendants also request an

assessment of costs, including attorneys' fees, should the Court grant Plaintiffs' motion.

This Court "enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then the mere prospect of a subsequent lawsuit*, as a result." *Id.* (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986)) (emphasis in original). "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Id.* (quoting *Durham v. Florida E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). The Court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (quoting *McCants*, 781 F.2d at 857.) "Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." *McCants*, 781 F.2d at 860.

Defendants have not established that they will suffer clear legal

prejudice if the Court grants Plaintiffs' motion for voluntary dismissal. *See, e.g., Pontenberg*, 252 F.3d 1253 ("Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss.") Accordingly, Plaintiffs' motion to dismiss without prejudice will be granted. All non-FLSA claims in this action will be dismissed without prejudice. No costs will be awarded at this time. Should Plaintiffs refile these dismissed actions against these Defendants in future litigation, the Court will award costs to the defendants pursuant to Federal Rule of Civil Procedure 41(d). *See id.* at 1260. However, expenses awarded may "be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit." *McCants*, 781 F.2d at 860.

    B.    Defendant Arthur Watts.

Plaintiffs have sued Arthur Watts ("Watts") in his individual capacity and in his official capacity as Chief Financial Officer and Comptroller for the

BBOE.³  Defendants contend that Watts is entitled to be dismissed from this action because he is not an "employer" under the FLSA.  (Docs. 57, 58 at 9-10.)

*Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995), "establishes as the law of this circuit that a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA."  *Wascura v. Carver*, 169 F.3d 683 (11th Cir. 1999).  Apparently conceding this point, Plaintiffs do not oppose Defendants' motion to dismiss Watts in his individual capacity.  Instead, they argue that Watts should not be dismissed in his official capacity.  (Doc. 86 at 9.)  However, a "suit against a government officer in his official capacity is simply a suit against the relevant governmental entity."  *Brown v. Neumann*, 188 F.3d 1289, 1290 n.1 (11th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)).  Because the BBOE is a named defendant in this action, Plaintiffs' FLSA claims against Watts in his official capacity are duplicative of those against the BBOE and are due to be dismissed.

---

³In their response memorandum, Plaintiffs admit that Watts is the Chief Financial Officer of the BBOE and was never Comptroller.  (Doc. 86 at 9.)

C.   Opt-In Forms.

Defendants have also moved to dismiss the FLSA claims of Roy Bailey ("Bailey") and Ellice[4] Robinson ("Robinson") for failure to file opt-in consent forms as required by 29 U.S.C. § 216(b). (Docs. 57, 58 at 7-8.) Plaintiffs filed the consent forms, which appear to have been executed prior to the filing of the complaint naming said plaintiffs, on May 27, 2010. Plaintiffs represent that the consent forms were "inadvertently placed with executed documents for other cases and were recently discovered . . . since May 3, 2010." (Doc. 86 at 7.)

"Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt in to the action." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007). As noted by another district court, "[t]he FLSA does not specify when a person must opt-in to a collective action, rather, the deadline is set by the court." *Ruggles v. Wellpoint, Inc.*,

---

[4]Ellice Robinson is identified as "Alisa Robinson" in the caption of the Complaint, and "Elisa Robinson" in the body of the Complaint. (2:08-CV-1104-LSC, Doc. 1 at 1, 8.)

687 F. Supp. 2d 30, 37 (N.D. N.Y. 2009). "Nor does the FLSA provide a standard under which a court should consider whether to include opt-in plaintiffs whose consent forms are filed after the court-imposed deadline has passed." *Id*. "Although the caselaw on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Id*. (citing *Ayers v. SGS Control Servs., Inc.*, 2007 WL 3171342, at *4-5 (S.D. N.Y. Oct. 9, 2007) (requiring that tardy opt-in plaintiffs show good cause for their untimely consent filings), *Robinson-Smith v. Gov't Empl. Ins. Co.*, 424 F. Supp. 2d 117, 123-24 (D.D.C. 2006) (considering the potential prejudice to defendant and the purposes of the FLSA), *Raper v. State of Iowa*, 165 F.R.D. 89, 92 (S.D. Iowa 1996) (considering prejudice and judicial economy), *Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill.1982) (considering how long after the deadline the consent forms were filed); *but see Reyes v. Texas Ezpawn, L.P.*, 459 F. Supp. 2d 546, 566-67 (S.D. Tex. 2006) (dismissing plaintiffs who

filed consent forms after the opt-in period without any discussion of the above factors)).

While the scheduling order in this matter provided that no parties may be added by Plaintiffs after November 30, 2008 (Doc. 29 at 2), there was no set deadline for filing opt-in consent forms. Both Bailey and Robinson are named in the Complaint, which was filed in *Shaw*, 2:08-CV-1104-LSC, on June 20, 2008. Defendants have been aware of these plaintiffs' identities since the inception of their action, have taken the plaintiffs' depositions, and received answers to interrogatories and requests for production. Plaintiffs' counsel's oversight is not "good cause" for the late submission, but the overall balance of factors weighs in favor of acceptance of the opt-in forms and allowing these plaintiffs to proceed with their action.

    D.    Itherine Chaney.

Defendants have moved for summary judgment on the FLSA claims of Itherine Chaney ("Chaney"). They argue that Chaney testified in her deposition that she makes no claim for overtime pay related to her employment by the BBOE as a custodian. (Doc. 58 at 12-14.) At oral

argument on August 23, 2010, Plaintiffs' counsel explained that Chaney was mistaken about the status of her legal claim.

A review of Chaney's deposition testimony, however, shows that Chaney testified as follows:

> Q. Do you make any claim for overtime relating to your position as a custodian?
> A. No.
> Q. Did you ever work any overtime that you were not paid in your position as a custodian?
> A. No.
> . . . .
> Q. – - because I understand you have a claim on that. And so it sounds like you never worked overtime at all in your regular position as a custodian, at least not in the past several, three or four years?[5]
> A. No, I haven't.
> Q. Okay. Do you believe that you were correctly paid for your regular hours as a custodian? Were you paid for all those hours that you worked?
> A. Yes, uh-huh.
> Q. So you don't have a claim for regular time?
> A. No, I don't.

(Chaney Dep. at 30, 34-35.) While Chaney may not be expected to understand the intricacies of her legal claim, her deposition testimony is

---

[5] Chaney's deposition was taken on November 7, 2007.

clear that she was paid for all regular hours and overtime worked during the time period relevant to this action. Her testimony establishes that she has not suffered the injuries alleged in the pleadings.

In opposition, Plaintiffs argue that time cards and clock-in sheets indicate that Chaney worked 97 hours overtime, and the BBOE has not provided records showing Chaney was paid for those hours. (Doc. 86 at 9.) However, Chaney testified that she was paid for all overtime work. Defendants are entitled to summary judgment with regard to Chaney's FLSA claims.

### E. FLSA Claims.

Addressing the remaining Plaintiffs' FLSA claims, Defendants maintain that they are entitled to judgment as a matter of law because the FLSA claims are "inadequately pled" under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). (Docs. 57, 58 at 8-9.) In response, Plaintiffs have requested an opportunity to file a second amended complaint,[6] which clarifies their FLSA claims. (Doc. 84.)

---

[6]Plaintiffs' proposed amendment was erroneously filed as a "Second Amended Complaint." (Doc. 85.) The "Second Amended Complaint" will be stricken from the record.

Defendants do not challenge the sufficiency of the pleadings in the proposed amendment. Rather, they argue the amendment should not be allowed because they have established that they are entitled to summary judgment.

The Court notes, however, that Defendants' argument in support of its "Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment" on the issue of general FLSA violations is limited only to the sufficiency of the pleadings. (Doc. 58 at 8-9.) Defendants' memorandum does not argue nor establish that they are entitled to summary judgment on all of Plaintiffs' FLSA claims. In their reply brief, Defendants first raise the contention that "Plaintiffs offered no evidence to prove FLSA claims." (Doc. 91 at 8.) This bare assertion in a reply memorandum, however, is insufficient to meet a movant's burden under Rule 56. The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party

has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id*. at 322-23.  Only *after* the moving party has met that burden, does Rule 56 require "the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added).

Both *Twombly* and *Iqbal* were issued by the U.S. Supreme Court after Plaintiffs filed the *Bolden* Complaint.  *Iqbal* was issued after the *Shaw* Complaint and *Bolden* Amended Complaint.  Defendants did not file a motion challenging the sufficiency of the pleadings until nearly three years after the first complaint was filed and the discovery deadline had passed.  Plaintiffs will be permitted to file an amended complaint.

F.   Willfulness.

Finally, Defendants have moved for summary judgment on Plaintiffs' claims that the BBOE committed "willful" violations of the FLSA. (Docs. 57, 58 at 15-16.)  "To establish that the violation of the [FLSA] was willful in order to extend the limitations period, the employee must prove by a

preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008) (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162-63 (11th Cir. 2008)). Federal regulations define "'reckless disregard' as the 'failure to make adequate inquiry into whether conduct is in compliance with the [FLSA].'" *Id.* (quoting *Alvarez-Perez*, 515 F.3d at 1163). "A willful violation may be found when the employer 'disregarded the very "possibility" that it was violating the statute.'" *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1323 (11th Cir. 2007) (quoting *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908-09 (9th Cir. 2003)). The determination of willfulness is "a mixed question of law and fact." *Id.* at 1324 (citing *IPB, Inc.*, 339 F.3d at 908).

The BBOE argues that Watts' affidavit testimony establishes there is no genuine dispute of material fact on the issue of willfulness. Watts testifies as follows:

> The Birmingham Board of Education has a policy and rule against employees working overtime without permission. The Birmingham Board of Education

> pays employees overtime when it knows that overtime has been worked. When employees have been working overtime without the knowledge of the Birmingham Board of Education, the Birmingham Board of Education takes steps to address the situation. The Birmingham Board of Education directs the employees and their supervisors to stop working overtime. Other steps are taken to ensure that the practice of working overtime is stopped.

(Doc. 58, Ex. A at 2.) Watts does not identify if the BBOE ever had knowledge of employees working overtime; how the BBOE "knows" whether overtime is worked; what "steps" were taken to address overtime situation(s); what "other steps" were taken to stop overtime work; and whether the BBOE ever looked into whether its conduct was compliant with the requirements of the FLSA. In short, Watts' vague affirmations are insufficient to establish the absence of a genuine dispute of material fact on the issue of willfulness.

Defendants also argue, in one sentence, that Plaintiffs have no evidence to prove willfulness. (Doc. 58 at 14.) Again, this blanket assertion by the defendants, with no additional citation to the record or discussion of the approximately fifty plaintiffs' claims, is unhelpful and insufficient to meet their burden under Rule 56. A review of the record, however, when

viewed in the light most favorable to the plaintiffs, shows evidence that employees worked overtime with the implicit or explicit consent or knowledge of their supervisors, and the employees were instructed or expected by supervisors to record times that did not reflect the actual time they worked. The issue of willfulness should be decided by a jury. *See Allen*, 495 F.3d at 1319-21.

IV. Conclusion.

For the reasons outlined above, Plaintiffs' Motion to Sever and Motion for Leave to Amend will be granted; Defendants' Motion to Dismiss, or in the Alternative, for Judgment as a Matter of Law Based on Lack of Subject Matter Jurisdiction is moot; and Defendants' Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment will be granted in part, denied in part, and deemed moot in part. A separate order will be entered.

Done this 27th day of August 2010.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297